BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:12-MC-00032-LKK-DAD |
| Plaintiff, | ) | |
| v. | ) | CONSENT JUDGMENT |
| | ) | OF FORFEITURE |
| APPROXIMATELY $14,700.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 23, 2011, U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI") seized a suspicious parcel at the Federal Express facility at 6733 Lindbergh Drive in Sacramento, California. The package contained approximately $14,700.00 in U.S. Currency (the "defendant currency"). U.S. Customs and Border Protection ("CBP") then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about February 13, 2012, CBP received a claim from Octavio Raul Martinez asserting an ownership interest

in the defendant currency.

2. The government represents that it could show at a forfeiture trial that on January 11, 2012, ICE-HSI conducted a parcel interdiction operation at the Federal Express Federal Express facility at 6733 Lindbergh Drive in Sacramento, California. A drug detection canine was brought to the facility and the dog alerted to the odor of a controlled substance in the package. When agents opened the package, it contained clothing, a bottle of perfume, and video games boxes containing approximately $14,700.00 in U.S. Currency that allegedly constitutes proceeds of a specified unlawful activity (controlled substance offense), as set forth in 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(I), 1957, and 1961(1) and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

3. Without admitting the truth of the factual assertions contained above, Octavio Raul Martinez specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Octavio Raul Martinez agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Octavio Raul Martinez hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Octavio Raul Martinez shall hold harmless and indemnify the United States, as set forth below.

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

6.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8.   Upon entry of the Consent Judgment of Forfeiture, $13,700.00 of the $14,700.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

9.   Upon entry of the Consent Judgment of Forfeiture, but no later than sixty days thereafter, $1,000.00 of the $14,700.00 in U.S. Currency, shall be returned to potential claimant Octavio Raul Martinez.

10.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

11.   Pursuant to the Stipulation for Consent Judgment of

Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

12.  No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

13.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: May 10, 2012.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: May 10, 2012.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT